UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FREDERICK WALKER,

        Plaintiff,

        – against –

VILLAGE OF FREEPORT et al.,

        Defendants.
----------------------------------X

ORDER
15-CV-4646 (JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

        Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke, advising the Court to grant in part and deny in part defendants' motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (See R&R, dated June 13, 2016, at 32.) The date for filing any objections has since expired, and no objections have been filed. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R.

        Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure

1

to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although the parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R.

IT IS HEREBY ORDERED that defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is (i) denied with respect to plaintiff's causes of action arising under 42 U.S.C. § 1983; (ii) denied with respect to plaintiff's cause of action arising under New York state law for malicious prosecution; and (iii) granted with respect to plaintiff's remaining causes of action arising under New York state law for defamation, intentional infliction of emotional distress, and false arrest. IT IS FURTHER ORDERED that Plaintiff is granted leave to replead his claim for false arrest arising under New York law in an amended complaint and his claims for defamation and intentional infliction of emotional distress arising under New York law are dismissed with prejudice.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2016
      Central Islip, New York